The opinion of the court was delivered by
Mare, J.
Honoré Guilbeau, administrator, filed a “ tableau of the debts and charges of the estate of Dr. John H. Thomas, and of the community which existed between him and his second wife, and proposed distribution of funds, etc.”
*1090 The gross amount of money to be distributed was $4047 81, proceeds of two sales, of which $192 05 belonged to the estate of Thomas alone, and $385'5 76 to the community. The aggregate of debts was $13,370 94, of which $1512 70 were for costs and expenses of administration: $3000, due the widow under the marriage contract, and $7068 02, sums due the children for whom the deceased had been tutor. There is also put down as a debt the sum “ due Broussard & Tertrou, two notes and an account, amounting in capital to $1590 07.” This was an ordinary debt, while the other debts just enumerated were secured by mortgage and privilege.
After due publication, no opposition having been filed, this tableau was approved and homologated by the clerk of the court, in July, 1866. The record does not show what disposition was actually made of the funds, nor that any further proceedings were had in the succession.
In February, 1877, August Marais, styling himself syndic of the insolvent firm of Broussard & Tertrou, brought suit in the parish- court, to recover of G-uilbeau personally and as administrator the $1590 07 put down on the tableau. This suit was dismissed, on exception, for want of jurisdiction; and, shortly after,’ Maraist caused notice to be served on Guilbeau, “that a final judgment of homologation of the tableau of classification in said succession has been rendered on the seventh July, 1866, against you ; and, unless you pay, in ten days from the service hereof, the sum of fiftebn hundred and ninety dollar’s and seven cents, due August Maraist as syndic of the late firm of Broussard & Tertrou, according to the tableau of classification, with interest, etc., execution will issue for the amount.”
After the expiration of the ten days, a rule was taken in the succession of Thomas, by Maraist against Guilbeau, to show cause why he should not pay the amount of the demand, and, in default thereof, why an execution should not issue against him personally, and his property be seized and sold to satisfy the same.
Guilbeau excepted that the proceeding was not countenanced by law; and that plaintiff could not proceed by rule to obtain the relief sought by him. The exception was overruled, and thereupon the counsel of Guilbeau offered to file the peremptory exception of prescription of five and ten years. The bills of exceptions show that the offer to file this exception escaped the attention of the parish judge; and he proceeded to make the rule absolute. Guilbeau obtained an order of appeal ; but subsequently he moved to have the order rescinded, and for a new trial, which was granted. On the new trial the plea of prescription was maintained, and the rule was dismissed; and this is the judgment appealed from.
*1091 This entire proceeding is founded on a misapprehension of the law. Prior to the adoption of the existing constitution the clerks of court were authorized to homologate accounts; but the order of the clerk homologating an account was not a judgment against the executor or administrator in the sense of articles 1053, etc., of the Code of Practice. It is manifest that the account or tableau filed by Guilbeau did not propose to pay any sum whatever to Broussard & Tertrou. It would have required more than double the amount of money in the hands of the administrator as shown by that tableau to have paid the widow and children, and the costs of administration. No opposition was filed to this tableau, and the homologation, if it could be termed a judgment, was such a judgment as concluded Broussard & Tertrou, so far as the amount to be distributed as set down in the tableau was concerned; and so far from being a judgment in their favor, against the administrator, it was, if a judgment, one which cut them off from the hope even of any participation in that fund.
The creditors placed upon a tableau of distribution are concluded by the judgment homologating that tableau, so far only as the fund to be distributed under that tableau is concerned; and they can claim under the judgment of homologation only such sum as may be allowed them by that judgment. No sum was allowed to Broussard & Tertrou by the tableau, or by the order of the clerk homologating it; and they were placed on the tableau not in order that they might receive any part of the fund then in the hands of the administrator, but merely for the purpose of exhibiting and classifying the debts of the succession.
By the Code of Practice, articles 1053, et seq., the creditor in whose favor á judgment has been rendered, against a curator, or executor or administrator, for a sum of money, may proceed by notifying such administrator, etc., and by execution against his property, where he has funds of the succession in his hands and refuses or neglects to pay such judgment. The basis, the sine qua non of this proceeding is a judgment, for a sum of money, against the administrator, etc. As there was no such judgment in this case, there was no foundation, no legal warrant or authority for the proceeding by notice and rule; and it should have been dismissed on that ground. See Lockhart vs. Wall, 14 An. 274.
It is not necessary to pass upon the plea of prescription, because our conclusion is that the first exception taken by defendant, appellee, should have been maintained, and the proceeding dismissed; and we prefer to put onr decision upon, and to remit it to that ground.
Por the reasons stated in this opinion, the judgment of the parish court dismissing the rule and proceeding is affirmed with costs.
Mr. Justice DeBlanc having recused himself, takes no part in this decision.